HENDRY, Judge.
This is an appeal from a summary final judgment entered in favor of the defendant, Penn Mutual Fire Insurance Company, in a suit by plaintiffs, Albert W. McCorkle, and his wife, Lily E. McCorkle, on an all-risk insurance policy.
The policy, insuring plaintiffs’ one story, single family dwelling, was in full force and effect in September, 1965, when the roof of the dwelling collapsed due to rain water that had accumulated there during the passage of hurricane Betsy. The policy provided in pertinent part as follows:
“This policy is extended to insure against all risks of direct physical loss, except as hereinafter provided, * * *
“This policy does not insure against loss * * *
*273 “c. caused by, resulting from, contributed to, or aggravated by any of the following: (a) flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not; (b) water which backs up through sewers or drains * * * ”
The roof was a flat one, surrounded by a parapet at least a foot high. There was one downspout provided for drainage from the roof. Some few days after the hurricane, plaintiff discovered a hole in the roof and consequent water damage inside. It was determined that the downspout was clogged with pine needles, causing the water to build up so that the roof collapsed.
The defendant denied liability on the ground that plaintiffs’ damage was caused by surface water, and it was upon this basis that the defendant moved for and was granted summary final judgment.
Appellants’ point on appeal is whether or not water which is backed up or dammed up on a roof due to blocked downspout is surface water.
In Black, Law Dictionary (4th ed. 1951), surface water is defined:
“ * * * Surface waters are such as diffuse themselves over the surface of the ground, following no defined course or channel, and not gathering into or forming any more definite body of water than a mere bog or marsh.”
Our Second District Court of Appeal, in Libby, McNeil & Libby v. Roberts, Fla.App.1959, 110 So.2d 82, in defining “surface water” said:
“The general definition of ‘surface water’ is set out in 56 Am.Jur., Waters, § 65, as follows:
‘The term “surface water” is used in the law of waters in reference to a distinct form or class of water which is generally definded as that which is derived from falling rain or melting snow, or which rises to the surface in springs, and is diffused over the surface of the ground, while it remains in such diffused state of condition * * ’ ”
We are of the view that these definitions of “surface water” should have been applied to the facts in the instant case as was done in the case of American Insurance Company v. Guest Printing Company, 114 Ga. App. 775, 152 S.E.2d 794 (1966), wherein the court stated:
“While the term ‘surface water’ has been so construed in a few foreign decisions as to include water on the roofs of buildings, see McCullough v. Hartpence, 141 N.J.Eq. 499, 58 A.2d 233, 234; Bringhurst v. O’Donnell, 14 Del.Ch. 225, 124 A. 795, 797, the majority of cases apply the term strictly to water on the surface of the ground. See Black’s Law Dictionary, 4th Ed. p. 1762. (Water—Surface Waters); Aetna Ins. Co. v. Walker, 98 Ga.App. 456, 105 S.E.2d 917 and cit. The most that can be said in the insurer’s favor is that the terms ‘surface water’ and ‘drains’ in the policy are ambiguous. Such ambiguities in the policy, which was written by the insurer, are construed in favor of the insured. Atlas Assur. Co., Ltd. v. Lies, 70 Ga.App. 162, 165, 27 S.E.2d 791. This construction also conforms to a definition consistent with the majority construction. In view of the context in which the terms are used in the policy, it does not exclude damage from water on the roof, whether backed up or not. * * * 9>
For the reasons stated, it is our opinion that the defendant was not entitled to a summary final judgment and that it was error for the trial judge to so hold.
Reversed.