**GENERAL INSURANCE CO. OF AMERICA, Appellant,**

v.

**William C. HALLMARK et ux., Appellees.**

**No. 5197.**

Court of Civil Appeals of Texas, Eastland.

Dec. 14, 1978.

Rehearing Denied Jan. 11, 1979.

Jack E. Harris and James E. Lobert, Harris, Harris & Lobert, Arlington, for appellant.

Jack Gay, Law office of Jack Gay, Dallas, for appellees.

RALEIGH BROWN, Justice.

William C. Hallmark and wife, Jimmie Lee Hallmark, sued General Insurance Company of America on a Texas Standard Homeowner's policy of insurance for loss sustained by them as a result of a water leak in the foundation of their home. Based on the jury's verdict, the Hallmark's recovered judgment in the amount of $8,716. General Insurance appeals. We reverse and render.

The primary thrust of General's defense in the trial court, and its appeal before this court, is that the damage to Hallmark's dwelling was excluded from coverage by policy exclusion d(3), the underground water exclusion, and policy exclusion k, the cracking, bulging and expansion of foundation and walls exclusion.

The provisions of the policy material to the issues in the case are:

PROPERTY INSURED

COVERAGE A—DWELLING, as described on Page 1 of this policy, while

occupied by the Insured principally for dwelling purposes.

.    .    .    .    .

### PERILS INSURED AGAINST

Property as described and limited under Coverage A is insured against:
ALL RISKS OF PHYSICAL LOSS except as otherwise excluded.

.    .    .    .    .

EXCLUSIONS (Applicable to Property Insured under Coverages A and B and Perils Insured Against)—This insurance does not cover:

.    .    .    .    .

d.  Loss caused by or resulting from:

.    .    .    .    .

(3) water below the surface of the ground including that which exerts pressure on (or flows, seeps or leaks through) sidewalks, driveways, swimming pools, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors;

k.  Loss under Coverage A caused by settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings, roof structures, walks, drives, curbs, fences, retaining walls or swimming pools.

The foregoing Exclusions a through k shall not apply to ensuing loss caused by fire, smoke or explosion and Exclusions i, j and k shall not apply to ensuing loss caused by collapse of building, or any part thereof, water damage or breakage of glass which constitutes a part of the building, provided such losses would otherwise be covered under this policy.

The jury found among other issues: (1) an accidental leak occurred in the plumbing of Hallmark's dwelling; (3) the damage to the insured's dwelling was not caused by cracking, bulging, or expansion of foundations, walls, or floors (Exclusion k); (4) the damages to the insured's dwelling were the result of the accidental leak; (5) the damages to the insured's dwelling were not caused by surface water; and (6) the damages to the insured's dwelling were not caused by water below the surface of the ground including that which exerts pressure on the foundation and walls (Exclusion d(3)).

General urges that the court erred in not sustaining its motion for judgment non obstante veredicto because the evidence established, as a matter of law that the loss was excluded by exclusion k. We agree.

■ The dwelling was built in 1967. Hallmark first noticed damage to his house in the spring of 1975. He found interior damage in the form of doors that would not close, as well as cracks in the walls, particularly around doors and entry ways. He also found cracks in the exterior brick veneer walls as well as cracks in the foundation. Martin Prager, an engineer, found interior damage in the form of doors that would not close and cracks in the walls as well as damage to the floors and foundation. Jackie Kirkpatrick, a mechanical engineer, found cracks in the interior walls and the foundation.

Hallmark testified that the damage to the dwelling was caused by the cracking of the foundation. Prager testified the damage was caused by the movement of the foundation. Kirkpatrick concurred and testified that a majority of the damage was caused by the movement of the foundation.

Hallmark attributed the movement of the foundation to leaks in the copper pipes under the cement slab and sand of his dwelling. He testified that the leaks caused water pressure to build up under the slab which finally became great enough to lift the slab and crack it. Prager testified that after water pressure builds up it has a tendency to raise the concrete slab. He considers upheaval to be the same as bulging. Kirkpatrick contended the slab foundation of Hallmark's house bulged because the clay soil expanded when it was exposed to the water from leaking pipes, thereby pushing up the foundation.

Such testimony conclusively established that Hallmark's damages to his house were

caused by "settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floor . . . ."

The court in *Bentley v. National Standard Insurance Co.*, 507 S.W.2d 652 (Tex. Civ.App.—Waco 1974, writ ref'd n. r. e.), considering the applicability of exclusion k where the plaintiff contended and introduced evidence that his loss was caused by drought, said:

> The fact that the settling of the foundation and the cracking of the walls, ceilings and roof were brought about or in turn caused by drought is immaterial. The language of exclusion "K" does not limit the "settling" and "cracking" to certain causes. In fact, the "settling" and "cracking", in order to be excluded perils, are not limited to any cause, from the language used in this exclusion. . . .

The fact that the settling of the foundation and the cracking of the walls and foundation were brought about by a water leak is immaterial. *Lambros v. Standard Fire Insurance Company*, 530 S.W.2d 138 (Tex.Civ.App.—San Antonio 1975, writ ref'd).

We conclude the loss claimed by Hallmark was specifically excluded by the terms of the insurance policy. The trial court erred in failing to grant General's motion for judgment non obstante veredicto. This holding makes it unnecessary to consider General's other points of error.

The judgment of the trial court is reversed and judgment rendered that William C. Hallmark and wife, Jimmie Lee Hallmark, take nothing.