721 So.2d 825 (1998)
FLORIDA RESIDENTIAL PROPERTY & CASUALTY JOINT UNDERWRITING ASSOCIATION, Appellant,
v.
Bernard KRON, Appellee.
No. 98-567.
District Court of Appeal of Florida, Third District.
December 17, 1998.
James C. Kelley, Miami, for appellant.
Hoffman, Larin & Agnetti, and Richard L. Larin, North Miami Beach, for appellee.
Before JORGENSON, COPE and GERSTEN, JJ.
GERSTEN, Judge.
Florida Residential Property & Casualty Joint Underwriting Assoc. ("JUA") appeals an order denying its motion for summary judgment and determining coverage in favor *826 of the insured. We reverse in part and affirm in part.
JUA insured the home of appellee Bernard Kron ("Kron"). The insurance policy contained a general exclusion for water damage, including damage from "surface water." Specifically, the policy provided:
1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
* * * * * *
(c) Water Damage, meaning:
(1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
Kron noticed cracks in the north wall of his home. Whenever it rained, water would enter his home through a crack caused by a separation between the wall and the floor. Kron sued his neighbors alleging that roots from trees on the neighbors' property caused the cracks by pushing through Kron's wall. Kron also sued JUA, after JUA denied coverage under the exclusionary provisions of the policy.
Following discovery, JUA moved for summary judgment. The trial court denied the motion finding that Kron's claims were covered under the insurance policy. For the most part, we disagree.
Insurance policies are to be construed to promote a reasonable and practical interpretation consistent with the intent of the parties. See United States Fire Ins. Co. v. Pruess, 394 So.2d 468 (Fla. 4th DCA 1981). Although ambiguous exclusionary provisions in insurance policies are to be construed in favor of the insured, a court cannot rewrite an insurance contract to extend coverage beyond what is clearly set forth in the contractual language. See State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So.2d 1245 (Fla. 1986); State Farm Fire and Cas. Co. v. Metropolitan Dade County, 639 So.2d 63 (Fla. 3d DCA), review denied, 649 So.2d 234 (Fla.1994); Oceanus Mut. Underwriting Ass'n (Bermuda) Ltd. v. Fuentes, 456 So.2d 1230 (Fla. 3d DCA 1984), review denied, 466 So.2d 217 (Fla.1985).
The water damage exclusionary provision in this case excludes damage caused directly or indirectly by surface water. The term "surface water" clearly includes water derived from falling rain. See McCorkle v. Penn Mut. Fire Ins. Co., 213 So.2d 272 (Fla. 3d DCA 1968); Libby, McNeil & Libby v. Roberts, 110 So.2d 82 (Fla. 2d DCA 1959). Because the term "surface water" is not ambiguous as applied to water on the surface of the ground, we need not resort to the general rule that exclusionary provisions in insurance policies are to be strictly construed against the carrier. See State Farm Fire and Cas. Co. v. Metropolitan Dade County, 639 So.2d at 63; Mitchel v. Cigna Property and Cas. Insur. Co., 625 So.2d 862 (Fla. 3d DCA 1993). Rather, with reference to all the provisions in the policy and the generally accepted meaning of the policy terms, we must determine whether the water that damaged Kron's property fits within the plain meaning of the "surface water" exclusion.
Turning to the facts, uncontroverted evidence established that the water damage to Kron's property was caused by falling rain that pooled on the surface of the ground and then came into the home through cracks and separations caused by a neighbor's tree roots. Since the term "surface water" has been defined as water derived from falling rain, we conclude that under the facts of this case, the term "surface water" in the exclusionary provision includes the water damages claimed by Kron. See Deni Assocs. of Florida, Inc. v. State Farm Fire & Cas. Ins. Co., 711 So.2d 1135 (Fla.1998); McCorkle v. Penn Mut. Fire Ins. Co., 213 So.2d at 272; Libby McNeil & Libby v. Roberts, 110 So.2d at 82. Our decision is further supported by the plain language of the lead-in clause to the exclusionary provision, which clearly states that this type of water damage is excluded, "regardless of any other cause or event contributing concurrently or in any sequence to the loss." See State Farm Fire & Cas. Co. v. Metropolitan Dade County, 639 So.2d at 63; Jefferson Ins. Co. of New York v. Sea World *827 of Florida, Inc., 586 So.2d 95 (Fla. 5th DCA 1991).
Accordingly, because the trial court erred in holding the claim for water damage was not excluded, the order below with regard to the water damage loss is reversed, and the case is remanded with directions to the trial court to grant JUA's motion for summary judgment on this issue. See Deni Assocs. of Florida, Inc. v. State Farm Fire & Cas. Ins. Co., 711 So.2d at 1135; Libby, McNeil & Libby v. Roberts, 110 So.2d at 82.
However, with regard to the separate loss claim for the isolated wall damage caused by the tree root, we find that an ambiguity exists under the specific language of this policy. The policy language is unclear as to whether the exclusion for cracking applies where the cause of the crack is an external penetrating force, as opposed to the settlement or gradual shifting of a structure. Cf. Montee v. State Farm Fire and Cas. Co., 99 Or.App. 401, 782 P.2d 435 (Or.Ct.App.1989)(policy excludes losses for settling or cracking regardless of cause; exclusion not ambiguous), review denied, 309 Or. 521, 789 P.2d 1386 (1990); General Ins. Co. of America v. Hallmark, 575 S.W.2d 134 (Tex.Civ.App.1978)(language of exclusion did not limit "cracking" or "settling" to certain causes; fact that cracks brought about by water leak was immaterial to application of exclusion); Bentley v. National Standard Ins. Co., 507 S.W.2d 652 (Tex.Civ.App.1974)(exclusion of loss from settling or cracking not limited to certain causes; fact that cracks brought about by drought was immaterial to application of exclusion).
Accordingly, reading the exclusion most favorably to the insured, we affirm the partial summary judgment solely with regard to the wall damage caused by the tree root. See Harris v. Carolina Life Ins. Co., 233 So.2d 833 (Fla.1970); Rabatie v. U.S. Sec. Ins. Co., 581 So.2d 1327 (Fla. 3d DCA 1989), review dismissed, 589 So.2d 294 (1991).
Affirmed in part; reversed in part and remanded with directions.