Mary P. DIMOTSIS, Appellant,

v.

STATE FARM LLOYDS, Appellee.

No. 04–97–01035–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 29, 1999.

See also, 966 S.W.2d 657.

Stephen W. Boyd, F. Blake Dietzmann, Law Offices of Boyd & Dietzmann, P.C., San Antonio, for Appellant.

Barry A. Chasnoff, Ricky H. Rosenblum, John F. Gillard, Winston H. Hankins, Polly J. Estes, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice TOM RICKHOFF, Justice ALMA L. LÓPEZ, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

Mary P. Dimotsis ("Dimotsis") appeals two summary judgments granted in favor of State Farm Lloyds ("State Farm"). The first summary judgment ordered that Dimotsis take nothing against State Farm on her breach of contract claim except for damage caused by minor earth movement, concluding that no contractual coverage existed for foundation damage caused by plumbing leaks. The second summary judgment concluded that damage caused by minor earth movement is not covered and/or is excluded from coverage and ordered that Dimotsis take nothing on her breach of contract claim. We reverse the trial court's first summary judgment, affirm the trial court's second summary judgment, and remand the cause to the trial court for further proceedings consistent with this opinion.

### FACTUAL BACKGROUND

Dimotsis filed a claim with State Farm, asserting that an accidental discharge of water from her plumbing system and/or minor earth movement had caused extensive foundation, structural and cosmetic damage to her home. State Farm denied the claim, and Dimotsis filed suit, asserting various causes of action including breach of contract.

State Farm moved for summary judgment, contending that any damage to Dimotsis's home was caused by an excluded peril. State Farm presented the affidavit of its expert, who concluded that the foundation sloping and the resulting minor cosmetic/structural damages were due to "the differential shrinkage and/or settlement of the underlying supporting soils." Subparagraph h of the Section 1 exclusions ("Exclusion 1(h)") excludes coverage for loss caused by "settling, cracking, bulging, shrinkage, or explosion of foundation, walls, floors, ceilings, roof structures, walks, curbs, fences, retaining walls or swimming pools." Since the damage to Dimotsis's home was caused by the settling or shrinking of the foundation, State Farm argued that Exclusion 1(h) applied. State Farm further argued that even assuming coverage existed for damage caused by plumbing leaks, its expert found no evidence to indicate any damage was caused by such leaks.

Dimotsis responded that coverage did exist under her policy for damage caused by plumbing leaks and minor earth movement. Dimotsis asserted that the accidental discharge exception contained in the Coverage B provision of her policy created coverage for the damage caused by plumbing leaks. Dimotsis further asserted that the exclusion for loss caused by "earthquake, landslide, or earth movement" under subparagraph k of the Section 1 exclusions ("Exclusion 1(k)") did not exclude coverage for minor earth movement. Dimotsis presented an affidavit from a professional engineer, who concluded that plumbing leaks under Dimotsis's residence "contributed to differential vertical foundation movement causing damage to the foundation, interior and exterior wall and ceiling finishes." Dimotsis also presented an affidavit from a general contractor and licensed public adjuster, who challenged the credibility of State Farm's expert by alleging that State Farm would often hire engineers who would render reports favorable to State Farm.

On October 7, 1996, the trial court entered a partial summary judgment in favor of State Farm with respect to Dimotsis's

breach of contract claim, concluding that the physical damages to Dimotsis's home were excluded from coverage with the exception of those damages caused by minor earth movement. State Farm subsequently filed a supplemental motion for partial summary judgment to address the "minor earth movement" damages, which the trial court granted on January 7, 1997, concluding that damages caused by minor earth movement are either not covered and/or are excluded from coverage. Dimotsis timely filed this appeal.

### STANDARD OF REVIEW

■ A defendant moving for summary judgment has the burden of establishing that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's cause of action and that the defendant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). If the defendant meets this burden, the plaintiff must then raise a genuine issue of material fact on the targeted element of the plaintiff's cause of action. *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex.App.— Corpus Christi 1991, writ denied). In reviewing a summary judgment, an appellate court accepts as true all evidence supporting the non-movant. *Nixon*, 690 S.W.2d at 549. All inferences are indulged in favor of the non-movant, and all doubts are resolved in his favor. *Id.*

### PLUMBING LEAKS

■ In *Balandran v. Safeco Ins. Co. of America*, 972 S.W.2d 738, 742 (Tex.1998), the Texas Supreme Court held that Exclusion 1(h) does not apply to foundation damage caused by the accidental discharge, leakage or overflow of water from within a plumbing system. State Farm recognizes that *Balandran* controls the issue of coverage for damage caused by plumbing leaks. The issue of whether coverage existed for foundation damage caused by plumbing leaks was unresolved at the time the trial court granted the first partial summary judgment; however, that question was answered by *Balandran* in favor of the insured. Accordingly, we reverse the trial court's order dated October 7, 1996, granting summary judgment in favor of State Farm.

### MINOR EARTH MOVEMENT

■ The basis for the trial court's second summary judgment was its conclusion that damages caused by minor earth movement are not covered and/or are excluded from coverage. Dimotsis asserts that minor earth movement is covered because Exclusion 1(k) only excludes loss caused by "earthquake, landslide, or earth movement,"and the doctrine of *ejusdem generis* limits the scope of the term "earth movement" to abnormally large movements, not minor earth movement.

We do not find it necessary to reach the issue regarding the scope of Exclusion 1(k). Exclusion 1(h) excludes coverage for loss caused by "settling, cracking, bulging, shrinkage, or explosion of foundation, walls, floors, ceilings, roof structures, walks, curbs, fences, retaining walls or swimming pools." In *Balandran*, the Texas Supreme Court excepted damage caused by plumbing leaks from Exclusion 1(h); however, *Balandran* does not hold that Exclusion 1(h) is ambiguous, nor does it address the applicability of Exclusion 1(h) to foundation damage caused by other events, such as earth movement. This and other courts have held that the language of Exclusion 1(h) unambiguously excludes coverage for foundation damage regardless of the underlying cause. *See Lambros v. Standard Fire Ins. Co.*, 530 S.W.2d 138, 140 (Tex.Civ.App.—San Antonio 1975, writ ref'd); *see also General Ins. Co. v. Hallmark*, 575 S.W.2d 134, 136 (Tex.Civ.App.— Eastland 1978, writ ref'd n.r.e.); *Bentley v. National Standard Ins. Co.*, 507 S.W.2d 652, 654 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.). Dimotsis does not cite any policy provision that would except foundation damage caused by minor earth move-

ment from Exclusion 1(h). Even assuming loss caused by minor earth movement is not excluded under Exclusion 1(k), foundation damage caused by minor earth movement is still excluded under Exclusion 1(h) to the extent the earth movement is not related to a plumbing leak. Accordingly, we affirm the trial court's order dated January 7, 1997, granting summary judgment in favor of State Farm on the basis that foundation damage caused by minor earth movement is excluded from coverage under Exclusion 1(h).

## CONCLUSION

 Based on the Supreme Court's decision in *Balandran*, we reverse the trial court's order dated October 7, 1996, granting partial summary judgment in favor of State Farm. Because Exclusion 1(h) excludes from coverage foundation damage caused by minor earth movement, we affirm the trial court's order dated January 7, 1997, granting partial summary judgment in favor of State Farm. The cause is remanded to the trial court for further proceedings consistent with this opinion.[1]

Concurring opinion by: TOM RICKHOFF, Justice.

TOM RICKHOFF, Justice, concurring.

I agree with the majority that Exclusion 1(h) excludes coverage for foundation damage caused by earth movement not resulting from a plumbing leak. I also believe that Exclusion 1(k) unambiguously excludes such coverage.

Exclusion 1(k) excludes coverage for loss "caused by earthquake, landslide or earth movement." Dimotsis argues that the term "earth movement" is ambiguous and that it should only apply to "abnormally large" movements of the earth under the doctrine of *ejusdem generis*, because the preceding words "earthquake" and "landslide" involve abnormally large movements of the earth.

When a term is not defined in an insurance policy, it must be given its plain, ordinary, and generally accepted meaning, unless the policy indicates the term was used in a technical or different sense. *See Western Reserve Life Ins. Co. v. Meadows*, 152 Tex. 559, 261 S.W.2d 554, 557 (1953); *Tri County Serv. Co. v. Nationwide Mut. Ins. Co.*, 873 S.W.2d 719, 721 (Tex.App.—San Antonio 1993, writ denied). It is proper to determine the plain meaning of a term by referring to a dictionary. *See, e.g., Ohio Cas. Group of Ins. Cos. v. Chavez*, 942 S.W.2d 654, 659 (Tex.App.—Houston [14th Dist.] 1997, writ denied). The dictionary definition of "earth movement" is "differential movement of the earth's crust [and] elevation or subsidence of the land." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 715 (1981). Nothing in this definition limits "earth movement" to abnormally large movements of the earth; it unambiguously encompasses any elevation or subsidence of land.

Dimotsis argues that the doctrine of *ejusdem generis* limits the scope of "earth movement" to abnormally large movements because it appears in the same exclusion as the terms "earthquake" and "landslide." I disagree. We do not resort to the *ejusdem generis* doctrine unless we have already determined that a term is

---

1. State Farm asserts that summary judgment is also proper because there is no evidence segregating covered damages from non-covered damages. We agree with State Farm that the insured maintains the burden of segregating damages and producing proof attributable solely to the covered peril. *Wallis v. United Services Automobile Association*, 2 S.W.3d 300, 302–03 (Tex.App.—San Antonio, no pet. h.). However, we consider this argument to be premature. Dimotsis pled that her foundation damage was caused by plumb-

ing leaks (a covered peril) and minor earth movement (an excluded peril). Upon further discovery, additional evidence may be produced by Dimotsis which may or may not allocate damages. While the issue may be properly raised in a no evidence summary judgment motion, it is not proper for consideration under traditional summary judgment standards. We also note that State Farm failed to raise the issue of concurrent causation below. Accordingly, we reject this argument.

ambiguous. *See Hussong v. Schwan's Sales Enters.*, 896 S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1995, no writ). Here, Dimotsis is using *ejusdem generis* to create an ambiguity where none exists.

I concur in the majority opinion. I would also hold, however, that Exclusion 1(k) excludes coverage for foundation damage caused by earth movement not resulting from a plumbing leak.