On Motion for Rehearing, Clarification, and Certification

COPE, J.
On consideration of appellee’s motion for rehearing, clarification, and certification, the court withdraws the opinion dated August 2, 2000 and substitutes the following opinion:
Virtual Computación y Communica-ciones, S.R.L., appeals a summary final judgment in favor of Yacov Fischzang, doing business as Infocomp and Mailbox Express. In this breach of contract case, we conclude that disputed issues of material fact remain regarding the terms of the parties’ agreement. We therefore reverse and remand for further proceedings.
Virtual, a Bolivian corporation, desired to buy electronic equipment from Berges *328 Et Company, Inc. (“Betco”), a Florida corporation, and have it shipped to Bolivia. Virtual hired Fischzang to act as its agent in buying and shipping the equipment.[1] The shipper was to be Cargomaster, a company located in Miami-Dade County.
Virtual sent the total purchase price of $35,130 to Fischzang. Fischzang in turn sent the money to Cargomaster. Cargo-master’s owner deposited these funds in his own account, did not pay Betco, and has not returned the funds to Virtual. Cargomaster’s owner has admitted that he took the money entirely on his own and that Fischzang had no part in this conversion.
In the meantime, Betco released the equipment to Cargomaster. Cargomaster shipped the goods to Bolivia, where Virtual received them. When Betco complained that it had not been paid, Virtual paid them in full. As a result, Virtual has paid twice for the same equipment.
Virtual sued Fischzang and Cargomas-ter for the $35,130. Fischzang moved for summary judgment, contending that he had no responsibility for the theft of funds which occurred at Cargomaster. The trial court granted summary judgment for Fis-chzang, and Virtual has appealed.[2]
For purposes of summary judgment, we read the summary judgment record in the light most favorable to Virtual as the nonmoving party. See Turner v. PCR, Inc., 754 So.2d 683, 684 (Fla.2000); Colon v. Outback Steakhouse of Florida, Inc., 721 So.2d 769, 770 (Fla. 3d DCA 1998). All factual inferences are to be drawn in the light most favorable to Virtual. See Colon, 721 So.2d at 770.
As we view the record, disputed issues of material fact remain regarding the terms of the agreement between Virtual and Fischzang. For present purposes, we accept Virtual’s version of events as being true.
According to Virtual’s affidavit, Fis-chzang was to pay Betco directly and use Cargomaster for shipping. Virtual states that it was not told, and did not agree, that the funds for the purchase of the equipment would be routed through Cargomas-ter. Virtual contends in substance that Fischzang cannot escape liability under his contract by delegating his performance to Cargomaster. See Metrolimo, Inc. v. Lamm, 666 So.2d 552, 553 (Fla. 3d DCA 1995); Fisherman’s Paradise, Inc. v. Greenfield, 417 So.2d 306, 308 (Fla. 3d DCA 1982).
Fischzang’s affidavit states that Virtual knew and agreed that the $35,130 would flow from Fischzang to Cargomaster to Betco. Fischzang has filed a copy of an email supporting his position, but Virtual’s affidavit asserts that the e-mail is not authentic.
Fischzang argues that he was legally required to use a licensed customs broker for this transaction, and that the funds for the purchase had to flow through the customs broker. We express no opinion on what United States customs laws may or may not require, and there is no showing in this record that Virtual had any expertise on this subject. The issue is what the parties agreed to. Summary judgment should not be granted unless “the facts are so crystallized that nothing remains but questions of law.” McCraney v. Barberi, 677 So.2d 355, 357 (Fla. 1st DCA 1996). The facts here are well short of being crystallized.
Virtual’s affidavit also stated that Fis-chzang had represented that he and Car-gomaster were engaged in a joint enterprise through which they would acquire and ship merchandise to customers in Bolivia. Virtual contends that Fischzang and *329 Cargomaster at the relevant times used a common address and telephone number, and a common disclaimer of liability on the shipping invoice used in this case. Virtual argued that in a joint venture, each ven-turer has liability for the acts of its joint venture partner.
Fischzang objected that the claim of joint venture had not been pled by Virtual. Virtual countered by requesting leave to amend its pleadings, but leave was denied. Since there must be further proceedings in this case, we conclude that on remand Virtual must be granted leave to amend its pleadings.
After entering judgment in favor of Fis-chzang, the trial court awarded attorney’s fees to him under section 57.105(1), Florida Statutes (1997). The attorney’s fee award is reversed.
Reversed and remanded for further proceedings consistent herewith .[3]

. At the time relevant here, Fischzang's businesses included Mailbox Express, which had offices in Bolivia and Florida. Virtual contacted Fischzang at the Bolivia office.

. The claim against Cargomaster remains pending in the trial court.

. In light of the above opinion, the motion for rehearing, clarification, and certification is denied.