MEMORANDUM OPINION




No. 04-02-00071-CV



CHAIN DISTRIBUTING,


Appellant



v.



AMERICAN FREIGHTWAYS, INC.,


Appellee



From the 285th Judicial District Court, Bexar County, Texas


Trial Court No. 2001-CI-13920


Honorable Janet Littlejohn, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: February 12, 2003


REVERSED AND REMANDED


 Chain Distributing ("Chain") sued American Freightways, Inc. ("AF") for deceptive trade
practices and common law fraud. Chain sought monetary damages for guns that were missing from
a shipment Chain had contracted AF to deliver. Chain contends that the trial court erred by granting
summary judgment in favor of AF for two reasons: (1) AF's motion denied Chain an adequate time
for discovery; and (2) genuine issues of material fact precluded summary judgment. Because this issue
involves well-settled principles of law, we reverse the trial court's judgment in this memorandum
opinion. See Tex. R. App. P. 47.1.

 Chain contracted with AF to deliver eight boxes containing twenty-two shotguns to Beretta,
USA ("BUSA"). The shipment was insured for loss up to $150,000. Chain paid an extra fee to insure
the shipment.

 On November 11, 2000, Chain packaged and delivered eight boxes to AF. At some point,
AF "shrink-wrapped" (1) the boxes. On November 22, 2000, AF delivered the boxes to BUSA as
agreed. A BUSA employee received the shipment and signed a delivery receipt stating that all eight
boxes were received "clear" and with the shrink-wrap intact. On November 27, 2000, a different
BUSA employee, Harold Stansfield, examined the shipment and discovered that three guns were
missing from the opened boxes. (2) 

 On November 28, 2000, a BUSA employee called Chain and advised them that the shipment
had been tampered with and was short three guns. AF later informed Chain that it would not pay the
insurance claim. 

 Chain filed suit against AF alleging theories of recovery under the DTPA and common law
fraud. Specifically, Chain claims that three guns were missing when AF delivered the shipment to
BUSA. AF moved for summary judgment under Texas Rule of Civil Procedure 166a(c) and presented
evidence of a certificate of receipt signed by a BUSA employee indicating that all eight boxes were
received "clear" and with the shrink-wrap intact. (3) AF further asserted that the insurance only covered
damage that occurred while AF retained possession of the shipment, and not for any damage that
occurred after AF relinquished possession. The trial court granted AF's summary judgment motion
which forms the basis of this appeal.

 In its first issue, Chain contends that the trial court improperly granted AF's motion for
summary judgment. AF contends that the trial court properly granted summary judgment because it
presented evidence that conclusively established that any tampering with or damage to the boxes must
have occurred after they left AF's possession and control.

 We review the trial court's granting of AF's motion for summary judgment de novo.
Natividad v. Alexis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). We must determine whether AF
established as a matter of law that no genuine issue of material fact exists as to one or more of the
essential elements of Chain's cause of action and that AF is entitled to judgment as a matter of law.
M.D. Anderson v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000); Dimotsis v. State Farm Lloyds, 5 S.W.3d
808, 810 (Tex. App.--San Antonio 1999, no pet.). In deciding whether there is a disputed fact issue
precluding summary judgment, we take all evidence favorable to Chain as true, and all reasonable
inferences, including any doubts, must be resolved in its favor. Willrich, 28 S.W.3d at 23-24;
Dimotsis, 5 S.W.3d at 810.

 In order to prevail on its DTPA and common law fraud causes of action, Chain would be
required to show that AF's actions caused its damages. Brown v. Bank of Galveston, National
Association, 963 S.W.2d 511, 514, 524 (Tex. 1998); Johnson & Higgins of Tex., Inc., 962 S.W.2d
507, 524 (Tex. 1998). In its motion, AF appears to challenge the causation element of Chain's claims
contending that it delivered the shipment undamaged; therefore, it did not cause Chain any damage.

 As summary judgment evidence, AF attached a copy of the delivery receipt, signed by a
BUSA employee, indicating that all eight boxes were received on November 22, 2000, with the
shrink-wrap intact and with no damage to any of the boxes. AF argues that the receipt conclusively
establishes that AF delivered the entire shipment to BUSA intact and without damage. We disagree.

 The evidence before the trial court showed that AF "shrink-wrapped" the packages after AF
picked the shipment up from Chain. When the boxes were loaded by AF and left Chain's location,
the boxes were not "shrink-wrapped." Construing all evidence in favor of Chain, the non-movant, and
allowing every reasonable inference and resolving all doubts in its favor, we conclude there is a
question of fact regarding whether the missing guns were removed from the boxes while in the
possession of AF before the boxes were "shrink-wrapped" and delivered to BUSA. Thus, AF has
not conclusively established that it did not cause Chain's damages. The record is insufficient to
support the trial court's summary judgment in favor of AF. Accordingly, we reverse the trial court's
judgment, and remand the cause to the trial court for further proceedings consistent with this opinion.


 Alma L. López, Chief Justice


Publish


1. Shrink-wrapped is to wrap and seal in a clear, flexible plastic sheet that when exposed to heat shrinks tightly
around the thing it covers. Random House Webster's College Dictionary 1215 (2d ed. 1999)
2. In this appeal, we do not consider Harold Stansfield's affidavit as summary judgment evidence because the
trial court sustained AF's objection to the affidavit and Chain did not challenge the trial court's ruling regarding the
affidavit on appeal.
3. Although Chain makes reference to a no-evidence motion for summary judgment, AF's motion cites 166a(c),
making it a traditional motion for summary judgment.