# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00366-CV

**Ronald Kolenic and Diana Kolenic, Appellants**

**v.**

**The Travelers Lloyds of Texas Insurance Company, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. GN100768, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ronald Kolenic and Diana Kolenic appeal from the summary judgment rendered in their breach of contract suit against Travelers Lloyds of Texas Insurance Company. The Kolenics claimed that damage to their foundation and swimming pool was caused by leaks from Awithin a plumbing system@ and thus fell within the repeal of the policy exclusion for foundation damage. *See Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 742 (Tex. 1998). In one issue on appeal, the Kolenics contend that the trial court erred in granting summary judgment in Travelers= favor.[1] We affirm the trial court judgment.

---

[1] The trial court granted Travelers= traditional and no-evidence summary judgment motions. *See* Tex. R. Civ. P. 166a, 166a(i). Because we affirm based on the traditional summary judgment, we review that judgment according to the standards delineated in *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

The Kolenics= property includes a swimming pool and spa adjacent to the pool. The house had some cracks at the time of purchase. The Kolenics began experiencing more problems from cracking in their foundation and the walls of the pool and spa. After a number of tests, the cracks in the swimming pool and spa were found to be leaking. The Kolenics= expert concluded that moisture from the leaks was the ultimate source of the foundation problem by causing swelling in the soil. Travelers= expert concluded that several factors, but not the water from the pool, were responsible. The Kolenics attempted to collect under their homeowner=s policy (standard Texas Homeowner=s Policy Form HO-B). The insurance company concluded that policy exclusion 1(h) for loss caused by settling and cracking of foundations or swimming pools applied. *See Dimotsis v. State Farm Lloyds*, 5 S.W.3d 808, 810-11 (Tex. App.CSan Antonio 1999, no pet.) (1(h) unambiguously excludes coverage for foundation damage from any cause except for plumbing leaks). The Kolenics contend that the *Balandran* exclusion repeal provision for foundation losses caused by Aan accidental discharge from within a plumbing system@ applies because the swimming pool is, or is part of, a plumbing system.[2] *See* 972 S.W.2d at 742.

---

[2] On appeal, the Kolenics argue that the policy is ambiguous. Although they did not plead ambiguity, a court may conclude a contract is ambiguous even in the absence of such a pleading. *See W.W. Laubach Trust v. Georgetown Corp.*, 80 S.W.2d 149, 155 (Tex. App.CAustin 2002, pet. denied). If a written instrument can be given a certain or definite meaning or interpretation, it is not ambiguous and the court construes it as a matter of law. *R & P Enter. v. LaGuarta, Gavrel & Kirk*, 596 S.W.2d 517, 518-19



(Tex. 1980). However, ambiguity does not arise merely because the parties advance conflicting interpretations of the document. *Georgetown Corp.*, 80 S.W.3d at 155. The contract at issue can be given a definite meaning.

The term Aplumbing system@ is not defined within the policy; we give it its ordinary and generally accepted meaning. *See Security Mut. Cas. Co. v. Johnson*, 584 S.W.2d 703, 704 (Tex. 1979). Courts have looked to the Texas Plumbing License Law for the definition of plumbing. *See Perrone v. Kline*, 425 S.W.2d 371, 373 (Tex. Civ. App.CDallas 1968, no writ); *see also Harrison v. U.S.A.A. Ins. Co.*, No. 03-00-00362-CV, slip op. at 3, 2001 Tex. App. LEXIS 2516, at *7 (Tex. App.CAustin 2001, no pet.) (not designated for publication).[3] Plumbing serves the essential purpose of supplying and recirculating water and sewage in and about a building. Plumbing License Law, Tex. Rev. Civ. Stat. Ann. art. 6243-101, ' 2(1)(A) (West Supp. 2003). Typically, a building=s plumbing system is considered to be the built-in network of pipes, fixtures, appurtenances and appliances used for that purpose. *See id.*; *see also Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 647 (Tex. 1996) (describing plumbing system as consisting of pipes, insert fittings, and crimp rings). Generally when Texas courts consider plumbing claims under clauses similar to the instant exclusion repeal provision, these claims involve water escaping from pipes located within the internal structure of a home. *See Balandran*, 972 S.W.2d at 739 (underground plumbing leak); *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 447 (Tex. 1997) (leak in drainline system under foundation); *State Farm Lloyds v. Marchetti*, 962 S.W.2d 58, 58 (Tex.

---

[3] *Harrison* is not cited as precedent; it is cited as an illustration of the use of the definition of Aplumbing@ from the Texas Plumbing License Law. *See* Tex. R. App. P. 47.7 (opinions not designated for publication have no precedential value but may be cited).

App.CHouston [1st Dist.] 1997, pet. denied) (discharge from plumbing system caused by sewage backup).

Further, the exclusion repeal provision applies to damage caused by the Aaccidental discharge of water originating from within a plumbing system.@ Assuming that the pool and spa themselves have plumbing systems in that a system of pumps and pipes circulates and filters water, the Kolenics never claimed that the damages resulted from an accidental discharge from within any such system of pipes and pumps. The purpose of any such system is to cause water to be in the pool. There is no allegation that any accidental discharge from any pipe or pump associated with the pool and spa caused the cracking that allowed the water properly in the pool and spa to escape. The Kolenics= allegations do not bring their damages within the exclusion repeal provision and thus the 1(h) exclusion bars their claim.[4] Accordingly, we affirm the trial court=s summary judgment.

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

---

[4] The Kolenics= claim fails under their proposed definition: A3 a : the apparatus (as pipes and fixtures) concerned in the distribution and use of water in a building b : an internal system that resembles plumbing; *especially* one consisting of conduits or channels for conveying fluids.@ Merriam-Webster=s Collegiate Dictionary (copy in record found at http:www.m-w.com/cgi-bin/dictionary). It would strain the definition to consider the cracks in the pool as conduits or channels for conveying fluids because the water in the pool was intended to remain in the pool.

Affirmed

Filed:   February 6, 2003