78 So.3d 583 (2011)
INTREPID INSURANCE COMPANY, Appellant,
v.
PRESTIGE IMPORTS, INC., Appellee.
No. 3D10-3440.
District Court of Appeal of Florida, Third District.
October 12, 2011.
Buckley, Zinober & Curtis, Eric W. Neilsen, St. Petersburg, and Gary Gorday, Miami Lakes, for appellant.
Higer Lichter & Givner, Aventura, Esther S. Meisels, Valorie S. Chavin, and Michael Higer, Aventura, for appellee.
Before WELLS, C.J., RAMIREZ, J., and SCHWARTZ, Senior Judge.
RAMIREZ, J.
Intrepid Insurance Company appeals from a partial summary judgment entered in favor of Prestige Imports, Inc. on a breach of insurance contract claim. We reverse because there is a disputed issue of material fact as to whether the property was damaged by flood waters or storm drainage water backup.
Intrepid contracted to insure Prestige's auto dealership, including its vehicle inventory, from August 5, 2009, until August 5, 2010. The policy included the following provision:
SECTION C EXCLUSIONS
1. Unless a specific sublimit is indicated in the Declarations we will not pay for loss or damage caused directly or indirectly by the following, and such loss *584 or damage is excluded regardless of any other cause or event covered hereunder which contributes concurrently or in any sequence to the loss or damage:
....
c. Floodwaves, tides, surface water, overflow of any body of water, or their spray, all whether driven by wind or not, including any earth movement or mudslide caused by or resulting from the accumulation of water on or under the surface of the ground.
On December 17, 2009, heavy rainfall caused storm water drainage systems adjacent to Prestige's dealership to overflow. Water flowed onto Prestige's property and approximately thirty-one vehicles were immersed in water to some degree. Prestige made a claim under its insurance policy, and Intrepid denied the claim based on the policy's exclusion for flood damage. Prestige disagreed and sued Intrepid.
In the trial court, Prestige moved for partial summary judgment on the coverage issue. Prestige argued that the damage was a result of storm drain back-up, which the policy neither excluded nor included in its definition of "flood." The trial court granted partial summary judgment in favor of Prestige, and we now review the trial court's interpretation of the insurance contract de novo. See Fayad v. Clarendon Nat'l Ins. Co., 899 So.2d 1082, 1085 (Fla. 2005) (stating that whether damage claimed under an insurance policy falls within an exclusion is a question of law subject to de novo review).
In our review, we are bound by the policy's plain meaning. When the terms of a contract are unambiguous, courts give the contract language its plain and ordinary meaning. State Farm Mut. Auto. Ins. Co. v. Menendez, 70 So.3d 566 (Fla. 2011). An undefined term does not necessarily create an ambiguity because the common definition of the term is applied. State Farm Mut. Auto. Ins. Co. v. Fischer, 16 So.3d 1028, 1032 (Fla. 2d DCA 2009); see also State Farm Fire & Cas. Co. v. Metro. Dade Cnty., 639 So.2d 63, 66 (Fla. 3d DCA 1994).
According to the insurer, falling rain pooled in areas adjacent to Prestige's property and then flowed into Prestige's property. If that is the case, the damage was caused by surface water, which is excluded under the Intrepid policy. See Fla. Residential Prop. & Cas. Joint Underwriting Ass'n v. Kron, 721 So.2d 825 (Fla. 3d DCA 1998). On the other hand, if the water flowed from the storm drainage system, then arguably that is not excluded by the policy. This is a disputed issue of fact that prevents summary judgment.[1]See Virtual Computacion y Communicaciones, S.R.L. v. Fischzang, 776 So.2d 327, 328 (Fla. 3d DCA 2001).
Accordingly, we reverse the partial summary judgment in favor of Prestige, and remand for further proceedings consistent with this opinion.
Reversed.
WELLS, C.J., concurs.
SCHWARTZ, Senior Judge, dissenting in part.
Although I agree with reversal, I do not agree that determination of the coverage issue requires the resolution of any issue of fact. In my opinion, it is clear that the flood which damaged the appellee's property was caused by the inability of the *585 drainage-storm sewer system to cope with the unprecedented downpour in the area. This conclusion requires a finding of no coverage as a matter of law. See Fla. Residential Prop. & Cas. Joint Underwriting Ass'n v. Kron, 721 So.2d 825 (Fla. 3d DCA 1998) (finding that rainwater which pooled and then went into property causing damage therein is surface water and excluded under insurance policy); see also T.H.E. Ins. Co. v. Charles Boyer Children's Trust, 455 F.Supp.2d 284, 297 (M.D.Pa.2006) ("Thus, the dispute as to the source of the surface water that inundated the bowling alley is immaterial. What is indisputable is that water which had accumulated outside the bowling alley was derived from torrential rains that hit the Pottsville area ... and this `surface water' ultimately flooded the interior of the bowling alley."); Pakmark Corp. v. Liberty Mut. Ins. Co., 943 S.W.2d 256, 259-61 (Mo.Ct.App.1997); Reynolds v. Standard Fire Ins. Co., 221 A.D.2d 616, 617, 634 N.Y.S.2d 163 (N.Y.App.Div.1995); Kish v. Ins. Co. of N. Am., 125 Wash.2d 164, 883 P.2d 308, 309-12 (1994).
NOTES
[1] In response to the dissent, counsel for the appellant was specifically asked at oral argument if Intrepid Insurance had also moved for summary judgment and he responded that it had not. Although Judge Schwartz's point is logically attractive, it would in effect have us grant a motion that was never filed at the trial level.