ACCEPTED
15-25-00142-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/31/2025 9:57 AM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00142-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

10/31/2025 9:57:26 AM

CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals
for the Fifteenth Judicial District

ROBERT EDWARD BATTAILE,

*Appellant,*

*v.*

TEXAS ELECTIONS DIVISION; HON. JANE NELSON; TEXAS SECRETARY
OF STATE, ET AL.,

*Appellee.*

On Appeal from the 459th Judicial District Court of Travis County, Texas
Honorable Jan Soifer Presiding

**JOINT APPELLEES' BRIEF FOR TEXAS SECRETARY OF
STATE JANE NELSON AND TRAVIS COUNTY
COMMISSIONER JEFFREY TRAVILLION**

1

KEN PAXTON
Attorney General of Texas
BRENT WEBSTER
First Assistant Attorney General
RALPH MOLINA
Deputy First Assistant Attorney General
AUSTIN KINGHORN
Deputy Attorney General for Litigation
KIMBERLY GDULA
Chief, General Litigation Division

DELIA GARZA
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9513
Facsimile: (512) 854-4808

Roy Adams
Texas Bar No. 24133175
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4104 | Fax: (512) 320-0667
roy.adams@oag.texas.gov
COUNSEL FOR SEC. OF STATE

Cynthia W. Veidt
State Bar No. 24028092
cynthia.veidt@traviscountytx.gov
Patrick M. Kelly
State Bar No. 11228000
pat.kelly@traviscountytx.gov
COUNSEL FOR TRAVIS CNTY.
COMM'R JEFFREY TRAVILLION

**ORAL ARGUMENT IS CONDITIONALLY REQUESTED**

**IDENTITY OF PARTIES AND COUNSEL**

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellees herein provide this Court with the following list of parties and the names and addresses of all trial and appellate counsel:

*Plaintiff-Appellant*

*Attorney for Plaintiff-Appellant* (trial and appeal)

Robert Edward Battaile
*Pro se*

2

*Defendant-Appellee*

Texas Elections Division; Hon. Jane Nelson; Texas Secretary of State, et al.

*Attorney for Defendant - Appellee* (trial and appeal)

Roy Adams
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone (512) 475-4104
Fax (512) 320-0667
roy.adams@oag.texas.gov

*Defendant-Appellee*

Travis County Commissioner Jeffrey Travillion

*Attorney for Defendant-Appellee* (trial and appeal)

Cynthia W. Veidt
cynthia.veidt@traviscountytx.gov
Patrick M. Kelly
pat.kelly@traviscountytx.gov
Assistant Travis County Attorneys
Travis County Attorney's Office
P.O. Box 1748
Austin, Texas 78767
Phone: (512) 854-9513
Fax (512) 854-4808

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................ 2

TABLE OF CONTENTS ........................................................................ 4

INDEX OF AUTHORITIES ................................................................... 6

STATEMENT OF THE CASE ...............................................................13

STATEMENT REGARDING ORAL ARGUMENTS................................13

ISSUES PRESENTED (RESTATED)......................................................14

STATEMENT OF FACTS.....................................................................14

STANDARD OF REVIEW ...................................................................16

SUMMARY OF THE ARGUMENTS......................................................18

ARGUMENTS ...................................................................................19

I.      The Trial Court's Judgment Regarding Appellees Should Be
Affirmed Because Battaile Waived Review of The Reasons for Dismissal.
19

II.  Battaile Lacked Standing to Bring Claims Against Appellees............23

  A. There is No Judiciable Controversy Between Battaile and Either
  Appellee..................................................................................23

  B.  Battaile Fails to Establish Traceability. .........................................25

    C.  Battaile Fails to Establish Redressability.........................................26

    D.  Battaile Cannot Assert Third Party Rights. ....................................28

III.    Appellees Have Sovereign Immunity From Battaile's Claims. ........30

    1.    Secretary Nelson is Entitled to Sovereign Immunity. ..................30

    2.    Commissioner Travillion is Entitled to Sovereign Immunity and/or Legislative Immunity............................................................ 31

    3.    Battaile Fails to Identify Any Waiver of Sovereign and/or Legislative Immunity. ........................................................................ 32

D.    Battaile's Failure to Comply with Section 233.006(b)'s Thirty-Day Deadline is a Fatal Jurisdictional Defect................................................34

PRAYER ..........................................................................................................37

Certificate of Compliance .............................................................................. 39

# INDEX OF AUTHORITIES

## Cases

*Barham v. Turner Constr. Co. of Tex.*,

    803 S.W.2d 731 (Tex. App.—Dallas 1990, writ denied) ........................13

*Britton v. Tex. Dept. of Criminal Justice*,

    95 S.W.3d 676 (Tex.App.-Houston [1st Dist.] 2002, no pet.) ..............17

*Brooks v. Mass Mktg., Ltd.*,

    No. 03-07-00658-CV, 2010 WL 1404739 (Tex. App.—Austin Apr. 6,

    2010, pet. denied) ...............................................................................15

*Bullock v. Calvert*,

    480 S.W.2d 367 (Tex. 1972)..................................................................21

*City of El Paso v. Heinrich*,

    284 S.W.3d 366 (Tex. 2009)................................................................. 28

*City of Houston v. Bryant*,

    516 S.W.3d 47 (Tex. App.—Houston [1st Dist.] 2017, pet. denied)......31

*Concerned Cnty. Involved Dev., Inc. v City of Houston*,

    209 S.W.3d 666 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)26

*Dallas Cnty. Mental Health v. Bossley*,

    968 S.W.2d 339 (Tex. 1998)..................................................................27

*Equistar Chems., LP v. ClydeUnion DB, Ltd.*,

    579 S.W.3d 505 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). 17

*Eriksen v. Nelson*

    No. 15-24-00059-CV, 2025 WL 351632 (Tex. App. [15th Dist.] Jan. 30, 2025) ...............................................................................................31

*Escondido Res. II, LLC v. Las Tinajas Minerals, Ltd.*,

    No. 04-20-00132-CV, 2020 WL 7753986 (Tex. App.—San Antonio Dec. 30, 2020, no pet.).............................................................................15

*Grant v. Espiritu*,

    470 S.W.3d 198 (Tex. App.—El Paso 2015, no pet.)........................... 25

*Hampton v. Equity Tr. Co.*,

    607 S.W.3d 1 (Tex. App.—Austin 2020, pet. denied)......................15, 17

*Heckman v. Williamson Cnty.*,

    369 S.W.3d 137 (Tex.2012) ................................................................ 26

*Herring v. Houston Nat'l Exch. Bank*,

    253 S.W.3d 813 (Tex.1923) ................................................................ 28

*Huey v. Huey*,

    200 S.W.3d 851 (Tex. App.—Dallas 2006, no pet.).............................14

*In re A.B.*,

    267 S.W.3d 564 (Tex. App.—Dallas 2008, no pet.)........................... 24

*In re C.D.E.*,

    533 S.W.3d 367 (Tex. App.—Houston [14th Dist.] 2015, no pet.)....... 24

*In re C.J.M.S.*,

269 S.W.3d 206 (Tex. App.—Dallas 2008) ......................................... 24

In re Tex. Dep't of Criminal Justice,

710 S.W.3d 731 (Tex. Crim. App. 2025) ............................................ 26

*Irisson v. Lone Star Nat'l Bank*,

No. 13-19-00239-CV, 2020 WL 6343336 (Tex. App.—Corpus Christi—

Edinburg Oct. 29, 2020, no pet.) ....................................................... 14

*Kowalski v. Tesmer*,

543 U.S. 125 (2004) ........................................................................ 26

*Lane v. Ross*,

151 Tex. 268 (1952) ......................................................................... 21

*Loya Ins. Co. v. Avalos*,

610 S.W.3d 878 (Tex. 2020) ............................................................. 20

*Maldonado v. Johnson*,

No. 04-18-00599-CV, 2018 WL 4517551 (Tex. App.—San Antonio Sept.

21, 2018, no pet.) ............................................................................. 33

*Marin Real Estate Partners, L.P. v. Vogt*,

373 S.W.3d 57 (Tex. App.—San Antonio 2011, no pet.) ...................... 14

*Marshall v. Maropco, Inc.*,

714 S.W.3d 724 (Tex. App.—Houston [1st Dist.] 2025, pet. filed) ....... 13

*Meyers v. JDC/Firethorne, Ltd.*,

    548 S.W.3d 477 (Tex. 2018) ..................................................13, 20, 23

*Mission Consol. Indep. Sch. Dist. v. Garcia*,

    372 S.W.3d 629 (Tex. 2012) ..............................................................27

*Neeley v. West Orange–Cove CISD*,

    176 S.W.3d 746 (Tex. 2005) ............................................................. 26

*Nichols v. Seei*,

    97 S.W.3d 882 (Tex. App.—Dallas 2003, no pet.) ............................. 32

*Nueces Cnty. v. Ferguson*,

    97 S.W.3d 205 (Tex. App.—Corpus Christi 2002, no pet.) ................ 28

*Nw. Indep. Sch. Dist. v. Carroll Indep. Sch. Dist.*,

    441 S.W.3d 684 (Tex. App.—Fort Worth 2014, pet. denied) .............. 32

*Oliphant Fin. LLC v. Angiano*,

    295 S.W.3d 422 (Tex. App.—Dallas 2009, no pet.).............................17

*Reata Const. Corp. v. City of Dallas*,

    197 S.W.3d 371 (Tex. 2006) ............................................................. 28

*Rivas v. Pitts*,

    684 S.W.3d 849 (Tex. App.—Dallas 2023, pet. granted) .....................17

*S.W. ex rel. A.W. v. Arlington Indep. Sch. Dist.*,

    435 S.W.3d 414 (Tex. App.—Fort Worth 2014, no pet.)..................15, 17

*Salazar v. Gonzales*,

  931 S.W.2d 59 (Tex. App.--Corpus Christi 1996, no writ)............. 33, 34

*Sepulveda v. Medrano*,

  323 S.W.3d 620 (Tex. App.—Dallas 2010, no pet.)........................... 34

*Skelton v. Yates*,

  119 S.W.2d 91 (Tex. 1938) ............................................................... 33

*Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*,

  106 S.W.3d 118 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ...13

*Tex. A&M Univ. Sys. v. Koseoglu*,

  233 S.W.3d 835 (Tex. 2007) ...........................................................27

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,

  852 S.W.2d 440 (Tex. 1993)............................................................ 25

*Tex. Dep't of Crim. Justice v. Miller*,

  51 S.W.3d 583 (Tex. 2001) ............................................................. 29

*Texas Parks & Wildlife Dep't v. Sawyer Trust*,

  354 S.W.3d 384 (Tex. 2011) ........................................................... 26

*Velzer v. ZB, Nat'l Ass'n*,

  No. 01-19-00161-CV, 2019 WL 6204909 (Tex. App.—Houston [1st Dist.]

  Nov. 21, 2019, pet. denied)..............................................................14

*Ward v. Ward*,

No. 12-11-00368-CV, 2012 WL 2513668 (Tex. App.—Tyler June 29, 2012,

no pet.) ........................................................................................... 15

*Weatherly v. Fulgham*,

153 Tex. 481 (1954) ........................................................................ 21

*Weiderman v. City of Arlington*,

480 S.W.3d 32 (Tex. App.—Fort Worth 2015, pet. denied) ............... 23

*Zamarron v. Shinko Wire Co., Ltd.*,

125 S.W.3d 132 (Tex. App.-Houston [14th Dist.] 2003 pet. denied) ... 19

*Zurita v. Lombana*,

322 S.W.3d 463 (Tex. App.-Houston [14th Dist.] 2010 pet. denied) ... 19

**Statutes**

Tex. Civ. Prac. & Rem. Code § 101.001(2) ............................................ 29

Tex. Civ. Prac. & Rem. Code § 101.001(3)(B) & (D) ............................. 29

Tex. Civ. Prac. & Rem. Code § 101.021 ................................................. 29

Tex. Civ. Prac. & Rem. Code § 101.052 ................................................. 29

Tex. Civ. Prac. & Rem. Code § 101.055 ................................................. 29

Tex. Civ. Prac. & Rem. Code § 101.056 ................................................. 29

Tex. Elec. Code § 232.007 ................................................................... 33

Tex. Elec. Code § 232.008(c)(2) ....................................................... 32, 33

Tex. Elec. Code § 233.006(b) .......................................................... 31, 32

Tex. Elec. Code § 67.003(c) ................................................ 32

Tex. Gov't Code § 22.002(c) ............................................... 24

Tex. Gov't Code §§ 31.045, 31.166 .....................................21

Tex. Gov't Code § 22.220(d) ............................................... 25

Tex. Gov't Code § 22.221(c-1) ............................................. 25

Tex. Gov't Code § 311.034 ...................................................27

Tex. Gov't Code §§ 22.220, 22.221 ................................24, 25

Tex. Transp. Code § 451.052(c) .......................................... 28

## Rules

TEX. CONST. art. IV, § 1 ...................................................... 24

TEX. CONST. ART. IV, § 21 .....................................................21

TEX. CONST. art. IV, §§ 1 and 21 ..........................................27

TEX. R. APP. P. 38.1(f) ...........................................................19

TEX. R. APP. P. 38.1(i) ...........................................................13

# STATEMENT OF THE CASE

*Nature of the Case:*      Although Battaile loosely identifies numerous causes of action, the substance of his appeal challenges the outcome of a mayoral election that he lost. He alleges that the election was affected by fraud and contends that the Texas Secretary of State, as the chief elections officer, has a duty to overturn the results of that election. Battaile further complains about discretionary decisions made by various government officials, including but not limited to Travis County Commissioner Jeffrey Travillion, but lacks standing to challenge such decisions and has failed to articulate any viable waiver of immunity by which the trial court and this Court may exercise jurisdiction over such claims.

*Trial Court:*      Cause No. D-1-GN-25-00719
Honorable Jan Soifer
459th District Court
Travis County, Texas

*Trial Court Disposition:*      The trial court granted the Texas Secretary of State's Plea to the Jurisdiction and dismissed the case with prejudice. CR 550. The trial court also granted Travis County Commissioner Jeffrey Travillion's Plea to the Jurisdiction and Chapter 13 Motion to Dismiss and dismissed the case with prejudice. CR 552.

# STATEMENT REGARDING ORAL ARGUMENTS

In his Brief, Battaile requests oral arguments. Appellees do not believe that oral arguments will assist the Court. The jurisdictional issues involve black-letter principles that will not benefit from argument. Appellees

therefore respectfully ask that this Court deny oral argument and set the case for submission on the briefs as quickly as the Court's docket will allow. But if the Court grants oral arguments, Appellees ask to participate.

## ISSUES PRESENTED (RESTATED)

I.     The trial court's judgment regarding the Texas Secretary of State ("Secretary Nelson") and Travis County Commissioner Jeffrey Travillion ("Commissioner Travillion") should be affirmed because Battaile waived review of the reasons for dismissal.

II.    Battaile lacked standing to bring claims against Secretary Nelson and Commissioner Travillion.

III.   Secretary Nelson and Commissioner Travillion have sovereign immunity from Battaile's claims. Commissioner Travillion is also entitled to legislative and/or official immunity from Battaile's claims.

IV.    Battaile failed to comply with the statutory 30-day deadline required to contest the City of Manor mayoral election results.

## STATEMENT OF FACTS

This appeal arises from the trial court's dismissal of Battaile's election contest challenging the results of the November 5, 2024 City of Manor mayoral and city council elections. App. Brief at 6; CR. 26, 34.[1] Battaile was

---

[1] References to the Clerk's Record filed on August 19, 2025, in the Third District Court of Appeals are

a candidate for mayor. CR. 49, 53. After losing the election, he sought to void and set aside the election results for Mayor and City Council Places 1, 3, and 5. CR. 164-67. Battaile further contended that Texas Secretary of State Jane Nelson possessed authority to overturn the election results. *Id.* at 36, 39, 42, 476, 573. After a hearing on the Secretary's Plea to the Jurisdiction [CR 210-222]], the trial court granted the plea and dismissed the case with prejudice for lack of jurisdiction. RR.2 at 23: 9-25; 24: 1-2. CR. 550.

In the trial court, Battaile filed suit pursuant to a Statement of Inability to Afford Payment of Court Costs. CR. 8-20. Battaile's claims concerning Commissioner Travillion involved his disagreement with the Commissioner's legislative decisions as a single member of the Travis County Commissioners Court and the Capital Metro Board of Directors. *See* CR. 451-475 at 451-454 (citing portions of CR. 33-172). The trial court dismissed Battaile's claims with prejudice both for lack of jurisdiction and because the claims were groundless and without merit under Chapter 13 of the Texas Civil Practice and Remedies Code. CR. 552. On appeal, Battaile complains about the actions of numerous government officials that he deems "Real Parties in Interest", including Commissioner Travillion. App. Brief at 4. However, the only substantive reference to Commissioner Travillion, Travis

included as "CR." References to the Supplemental Clerk's Record filed on October 3, 2025, in the Fifteenth District Court of Appeals are included as "SCR."

County, or Capital Metro is Battaile's requested "Transit/Cap Metro/Travis County Relief". *Id.* at 13. Therefore, Battaile has not addressed any of the grounds for dismissal asserted in Commissioner Travillion's Plea to the Jurisdiction and Chapter 13 Motion to Dismiss. CR. 451-475.

## STANDARD OF REVIEW

"Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling de novo." *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018).

Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Marshall v. Maropco, Inc.*, 714 S.W.3d 724, 756 (Tex. App.—Houston [1st Dist.] 2025, pet. filed); TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Id.* (citing *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see* also *Barham v. Turner Constr. Co. of Tex.*, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied) (appellant bears burden of discussing his assertions of error).

"The failure to provide substantive analysis of an issue or cite appropriate authority or the record waives a complaint on appeal." *Id.* (citing

*Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); *see* also *Irisson v. Lone Star Nat'l Bank*, No. 13-19-00239-CV, 2020 WL 6343336, at *2-3 (Tex. App.—Corpus Christi—Edinburg Oct. 29, 2020, no pet.) (mem. op.) ("When an appellant's brief fails to contain clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions.").

Additionally, it is a fundamental rule of appellate procedure that a party waives error on appeal by failing to adequately brief all of the potential grounds for a trial court's orders. If an appellant's opening brief fails to address a ground for dismissal that was actually raised in a motion, and thus could potentially be the basis for the trial court's order, the party waives any error with respect to dismissal on that basis. Texas appellate courts uniformly apply this fundamental rule of appellate review. *See, e.g., Velzer v. ZB, Nat'l Ass'n*, No. 01-19-00161-CV, 2019 WL 6204909, at *3 (Tex. App.—Houston [1st Dist.] Nov. 21, 2019, pet. denied) (mem. op.); *Escondido Res. II, LLC v. Las Tinajas Minerals, Ltd.*, No. 04-20-00132-CV, 2020 WL 7753986, at *2 (Tex. App.—San Antonio Dec. 30, 2020, no pet.); *Ward v. Ward*, No. 12-11-00368-CV, 2012 WL 2513668, at *2 (Tex. App.—Tyler June

29, 2012, no pet.) (mem. op.); *S.W. ex rel. A.W. v. Arlington Indep. Sch. Dist.*, 435 S.W.3d 414, 419 (Tex. App.—Fort Worth 2014, no pet.); *Hampton v. Equity Tr. Co.*, 607 S.W.3d 1, 6 (Tex. App.—Austin 2020, pet. denied). *Brooks v. Mass Mktg., Ltd.*, No. 03-07-00658-CV, 2010 WL 1404739, at \*2 & n.2 (Tex. App.—Austin Apr. 6, 2010, pet. denied) (mem. op.).

Both of these waiver principles apply to Battaile's brief and mandate that the Court affirm the dismissal orders irrespective of the merits.

## SUMMARY OF THE ARGUMENTS

This appeal should be dismissed because Battaile fails on jurisdictional and substantive grounds.

First, Battaile lacks standing. His pleadings and Brief identify no specific act or omission by Secretary Nelson or Commissioner Travillion that creates a justiciable controversy.

Second, as an officer of the Executive Department, the Secretary is protected by sovereign immunity, and jurisdiction over such claims lies exclusively with the Supreme Court of Texas. Similarly, Commissioner Travillion, an elected official who performs legislative duties as a member of two governmental entities—specifically, the Travis County Commissioners Court and the Board of Directors for Capital Metro—is protected by both sovereign and legislative immunity for actions that relate to his discretionary

18

decisions.

Finally, the Election Code bars this suit because a petition contesting an election must be filed within thirty days of the election.[2] Because the election contest was untimely and jurisdictionally barred, it must be dismissed and the trial court's judgment affirmed.

## ARGUMENTS

This Court should dismiss Battaile's appeal or, alternatively, affirm the trial court's judgment in full.

## I. The Trial Court's Judgment Regarding Appellees Should Be Affirmed Because Battaile Waived Review of The Reasons for Dismissal.

Battaile's claims against the Texas Secretary of State and Commissioner Travillion were dismissed because Battaile lacked standing to bring those claims and sovereign immunity barred such claims.[3] In his Brief, Battaile waived appellate review of these issues, and the Court should affirm dismissal of claims against the Texas Secretary of State and Commissioner Travillion on that basis alone.

The district court signed an order granting each Appellees' Plea to the Jurisdiction without specifying any particular portion of the plea. CR 550,

---

[2] Additionally, neither Appellee is a proper defendant for Battaile's election contest because they were not candidates in, or otherwise involved with, the conduct of the City of Manor's challenged election.
[3] For Commissioner Travillion, Battaile's claims were also barred by legislative immunity.

552. When that happens, an appellant must attack all of the reasons presented in the plea, and if he fails to do so, the decision of the trial court will be affirmed. "Generally, if an appellant fails to challenge all possible grounds for a trial court's ruling, we must accept the validity of the unchallenged ground and affirm the adverse ruling." *Equistar Chems., LP v. ClydeUnion DB, Ltd.*, 579 S.W.3d 505, 512 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *see* also *Rivas v. Pitts*, 684 S.W.3d 849, 857 (Tex. App.—Dallas 2023, pet. granted); *Hampton*, 607 S.W.3d at 6. "If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged independent ground, and thus any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment." *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423–24 (Tex. App.—Dallas 2009, no pet.), citing *Britton v. Tex. Dept. of Criminal Justice*, 95 S.W.3d 676, 681 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *see also S.W. ex rel. A.W.*, 435 S.W.3d at 419.

In her Plea to the Jurisdiction, Secretary Nelson demonstrated that Battaile lacked standing to bring claims against her because he did not present a justiciable controversy, because he did not have interests adverse

20

to her, and because he did not present an injury that was fairly traceable to the conduct of the Secretary or seek redress that the Secretary could provide. CR. 511-14. Additionally, sovereign immunity deprived the court of subject matter jurisdiction regarding claims against Secretary Nelson. CR. 514-16.

Commissioner Travillion similarly argued in his dispositive pleadings that: (1) he was not a proper defendant for Battaile's challenges to the City of Manor's election; (2) Battaile's allegations concerning Commissioner Travillion did not constitute conduct for which sovereign immunity is waived; (3) Commissioner Travillion, as a single member of two different legislative bodies, is not vicariously liable for any actions taken by either of them; and (4) Battaile's claims–which contain nothing more than mere disagreement with several discretionary decisions made by various elected officials[4]–were barred by sovereign immunity, legislative immunity and/or official immunity. CR 451-473.

In his Brief, Battaile has not demonstrated standing or identified any waiver of sovereign immunity for any of his claims, and cannot do so now, because review of an appellate issue is waived by failing to raise it in the original appellate brief. *See* TEX. R. APP. P. 38.1(f); *see also Zurita v.*

---

[4] As to Commissioner Travillion, Battaile primarily complains that Capital Metro does not provide sufficient bus service to the City of Manor's general population. *E.g.,* CR 453 (citing CR 33-172 at 81, 105, 116, 140-142).

*Lombana*, 322 S.W.3d 463, 477 (Tex. App.-Houston [14th Dist.] 2010 pet. denied) (citing *Zamarron v. Shinko Wire Co., Ltd.*, 125 S.W.3d 132, 139 (Tex. App.-Houston [14th Dist.] 2003 pet. denied)) (stating that issues not raised until a reply brief are waived). Indeed, Battaile's brief does not contain the words "standing," "traceability," "redress" (or any variation of the word), or "sovereign." *See generally* App. Brief. Battaile also does not present any argument that the trial court was incorrect in dismissing the claims against the Texas Secretary of State or Commissioner Travillion because of standing or sovereign immunity. *Id.* Similarly, as to Commissioner Travillion, Battaile fails to even mention him in his brief other than as one of the "Real Parties in Interest" (Brief at p. 4) and does not present any argument that the trial court was incorrect in dismissing his claims against the Commissioner on the basis of legislative and/or official immunity. Instead, Battaile's Brief simply makes the conclusory claim that this Court should "Order disclosure of CapMetro/Travis County agreements[;] Require refund or accounting for transit services not delivered (weekend service withheld)[; and] Mandate free transit or special service to polling sites". *See* Brief at p. 13. All of these requests seek to compel governmental actions that are the subject of discretionary policy decisions which Battaile lacks standing to assert. *See* CR 456-458, 459-463.

Accordingly, Battaile has waived any appellate review of the dismissal of claims against the Texas Secretary of State and Commissioner Travillion, and the dismissal of those claims should be affirmed.

Even if he had not waived appellate review, the dismissal should be affirmed for the reasons that follow.

## II. Battaile Lacked Standing to Bring Claims Against Appellees.

Standing is a fundamental requirement for subject matter jurisdiction. *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018). Standing cannot be waived, and without it, the Court has no authority to hear Battaile's claim. *Id.* To establish standing, Battaile must, but did not, allege a concrete, personal injury that is "fairly traceable" to Secretary Nelson's and/or Commissioner Travillion's conduct and "likely to be redressed by the requested relief." *Id.* at 485.

### A. There is No Judiciable Controversy Between Battaile and Either Appellee.

As an initial matter, there must be a real and substantial controversy between the parties at every stage of the legal proceedings. "To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Loya Ins. Co. v. Avalos*, 610 S.W.3d 878, 883 (Tex. 2020).

There is no justiciable controversy between Battaile and Secretary

Nelson and/or Commissioner Travillion because the Secretary and the Commissioner lack the authority to resolve election disputes. The Secretary's duties are "strictly defined" in the Texas Constitution and the Texas Election Code. *See* TEX. CONST. ART. IV, § 21; TEX. GOV'T CODE §§ 31.045, 31.166. Secretary Nelson is not empowered to make factual determinations in such matters. *Weatherly v. Fulgham*, 153 Tex. 481, 483 (1954); *Lane v. Ross*, 151 Tex. 268, 271, (1952) (The Secretary does not have the authority to resolve election contests or disputes). Commissioner Travillion has no alleged duties under the Texas Election Code regarding any elections conducted by the City of Manor. CR 463-464.

The Texas Supreme Court explained that the Secretary of State, while designated as the "chief election officer," holds a role that is advisory and administrative in nature, limited to promoting uniformity in the application and interpretation of election laws. *Bullock v. Calvert*, 480 S.W.2d 367, 371 (Tex. 1972) ("The Secretary of State shall be the chief election officer of this state, and it shall be his responsibility to obtain and maintain uniformity in the application, operation and interpretation of the election laws."). Battaile's attempt to expand the Secretary's authority by requesting this Court to void the mayoral election results ignores the limits on Secretary Nelson's authority. Importantly, Battaile acknowledges that Manor city

officials were in charge of administering the November 2024 mayoral election, not Secretary Nelson or Commissioner Travillion. CR. 34, 36, 45, 47, 49.

Thus, there is no judiciable controversy between Battaile and the Secretary or Commissioner Travillion concerning his election claims. Similarly, there is no justiciable controversy between Battaile and Commissioner Travillion concerning any other claims. *See* CR 453-454, 460-464.

### B. Battaile Fails to Establish Traceability.

Battaile's Appeal Brief and his pleadings lack any specific allegations that Secretary Nelson and/or Commissioner Travillion engaged in *any* conduct – let alone an unlawful act – that caused him harm.

Battaile broadly challenges the election process but does not assert how Secretary Nelson or Commissioner Travillion played *any* role in his alleged injury. *See generally* App. Brief. Despite the length of Battaile's Brief, Secretary Nelson is mentioned by name only four times—once in the case caption, once in the preamble, once in the identification of parties, and once in the issues presented. Commissioner Travillion is named only once, as one of the "Real Parties in Interest". Brief at 4. Beyond these cursory references, Battaile offers no factual allegations or legal arguments demonstrating that

his loss in the election is, in any way, traceable to the conduct of the Secretary and/or Commissioner Travillion.

It appears that Battaile is dissatisfied with the election results, as well as multiple other decisions made by various governmental bodies, but dissatisfaction alone does not confer standing. *Meyers*, 548 S.W.3d at 484; *Weiderman v. City of Arlington*, 480 S.W.3d 32, 37 (Tex. App.—Fort Worth 2015, pet. denied). Courts do not adjudicate generalized grievances unconnected to a defendant's specific actions. *Id.* Because Battaile has not alleged a direct causal link between his claimed injury and *any* action by Secretary Nelson and/or Commissioner Travillion, he lacks standing.

## C. Battaile Fails to Establish Redressability.

Even assuming, *arguendo*, that Battaile has alleged an injury traceable to Secretary Nelson and/or Commissioner Travillion—which he has not—he nevertheless fails to demonstrate that the relief he seeks would redress that injury.

Battaile asks the Court to void the results of the mayoral election, yet his Brief does not articulate how such relief against Secretary Nelson and Commissioner Travillion would remedy his claimed harm. *See generally* App. Brief. Secretary Nelson and Commissioner Travillion did not administer the election at issue or have any role in the canvass of that

26

election, and Battaile provides no explanation as to how a court order would redress his alleged grievance. *Id.*

To the extent Battaile seeks an order compelling Secretary Nelson to perform any specific act with respect to the mayoral election, this Court lacks subject matter jurisdiction to grant that relief. *See* TEX. GOV'T CODE § 22.002(c). Secretary Nelson is a member of the Executive Department of the State of Texas. *See* TEX. CONST. art. IV, § 1. Under Texas law, only the Supreme Court of Texas possesses jurisdiction to issue writs of mandamus, injunctions, or other forms of mandatory relief compelling an officer of the Executive Branch to perform a "judicial, ministerial, or discretionary act or duty." *In re C.D.E.*, 533 S.W.3d 367 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *In re C.J.M.S.*, 269 S.W.3d 206, 208 (Tex. App.—Dallas 2008); *In re A.B.*, 267 S.W.3d 564, 565 (Tex. App.—Dallas 2008, no pet.). Because Battaile has failed to satisfy the requirements of standing, and because this Court lacks the jurisdictional authority to redress the alleged injury even if standing were established, Battaile claim against Secretary Nelson must be dismissed as a matter of law.

Similarly, in his Brief, Battaile cites to Texas Government Code §§ 22.220 and 22.221 as the basis for this Court's exercise of jurisdiction to compel Commissioner Travillion to perform certain actions related to Travis

27

County and/or Capital Metro governance. But these statutes specifically state that this Court does not have jurisdiction over claims arising out of Chapter 101 of the Texas Civil Practice and Remedies Code (i.e., the Texas Tort Claims Act), which are the only claims asserted against Commissioner Travillion in the court below. *Id.*, § 22.221(c-1) (referencing § 22.220(d)).

## D. Battaile Cannot Assert Third Party Rights.

To the extent that Battaile seeks to assert claims on behalf of the citizens of Manor, his claims fail because he lacks standing to assert third-party rights. "[O]ur Constitution opens the courthouse doors only to those who have or are suffering an injury." *Grant v. Espiritu*, 470 S.W.3d 198, 202 (Tex. App.—El Paso 2015, no pet.) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)). Here, Battaile complains about the decisions, actions and/or inactions by various governmental entities in a wide-ranging litany about what he believes those governmental entities should have done differently. Nowhere does Battaile identify any particular injury to himself or his specific property, merely allegations of generalized "public harm". In other words, because Battaile has not shown that he personally suffered an injury traceable to any conduct by Secretary Nelson or Commissioner Travillion; he attempts to raise generalized grievances on behalf of the public. As a result, Plaintiff has no standing to

28

bring this suit and this Court lacks subject-matter jurisdiction over such claims. *See, e.g., Heckman v. Williamson Cnty.,* 369 S.W.3d 137, 154-55 (Tex.2012); *Texas Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388-89 (Tex. 2011); *Neeley v. West Orange–Cove CISD*, 176 S.W.3d 746, 774 (Tex. 2005) (standing limits jurisdiction to cases involving a distinct injury to the plaintiff); *Concerned Cnty. Involved Dev., Inc. v City of Houston*, 209 S.W.3d 666 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (group of property owners not entitled to injunctive relief to prevent City from permitting construction on neighbor's property that caused no compensable harm to their own property rights because they lacked standing).

Even if third-party standing were theoretically available, Battaile has not satisfied its requirements. "Third-party standing requires at least two additional showings: (1) that the party asserting the right has a 'close' relationship with the one who possesses the right, and (2) that there is a 'hindrance' to the possessor's ability to protect its own interests." *In re Tex. Dep't of Criminal Justice*, 710 S.W.3d 731, 735 (Tex. Crim. App. 2025) (citing *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004)).

Battaile has not demonstrated either requirement. He has no "close relationship" with the citizens of Manor sufficient to assert their rights, nor has he shown any "hindrance" preventing those citizens from pursuing their

own remedies, should they believe their rights were violated. Accordingly, Battaile lacks standing to assert claims on behalf of third parties, and his attempt to do so must be rejected.

## III. Appellees Have Sovereign Immunity From Battaile's Claims.

Sovereign immunity is properly raised in a plea to the jurisdiction because it "deprives a trial court of jurisdiction over lawsuits in which the state or . . . governmental units have been sued, unless the state consents to suit." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635–36 (Tex. 2012); *Dallas Cnty. Mental Health v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). Texas Government Code § 311.034 further affirms that no statute should be construed as waiving sovereign immunity unless the waiver is explicit and unambiguous.

### 1. Secretary Nelson is Entitled to Sovereign Immunity.

"When a state official files a plea to the jurisdiction, the official is invoking the sovereign immunity from suit held by the government itself." *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007). The Secretary of State is a position created within the Executive Department of the State of Texas. *See* TEX. CONST. art. IV, §§ 1 and 21. As such the Secretary of State's Office and the Secretary herself are protected by sovereign immunity. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex.

30

2006). Therefore, Secretary Nelson is entitled to sovereign immunity.

**2.  Commissioner Travillion is Entitled to Sovereign Immunity and/or Legislative Immunity.**

A suit against a public official in his official capacity is a suit against the governmental entity itself. *E.g., Herring v. Houston Nat'l Exch. Bank*, 253 S.W.3d 813, 814-15 (Tex.1923); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009); *Nueces Cnty. v. Ferguson*, 97 S.W.3d 205, 215 n. 11 (Tex. App.—Corpus Christi 2002, no pet.). Commissioner Travillion was sued by Battaile based upon actions taken as a member of the Travis County Commissioners Court and the Board of Directors for Capital Metro. Travis County is a political subdivision of the State of Texas and enjoys sovereign immunity, both from suit and from liability, except insofar as the Texas Legislature has provided a limited waiver of its sovereign immunity by way of the Texas Tort Claims Act ("TTCA") or specific statutes. Similarly, CapMetro is a metropolitan rapid transit authority created under Chapter 451 of the Texas Transportation Code and is entitled to sovereign immunity under the TTCA. See Tex. Transp. Code § 451.052(c).

Commissioner Travillion's role as a member of these two legislative bodies also entitles him to legislative immunity because Battaile's claims concern discretionary decisions made by those governing bodies regarding

how and where to allocate public resources. *See* Tex. Civ. Prac. & Rem. Code ¶¶ 101.001(2) (defining "employee" to include an officer or agent of a governmental unit), 101.001(3)(B) & (D), 101.021 (defining limited scope of exceptions to governmental immunity), 101.052 (legislative immunity), 101.055 (immunity for certain governmental functions), 101.056 (immunity for discretionary decisions).

The trial court correctly determined that Commissioner Travillion is entitled to sovereign immunity and/or legislative immunity, and Battaile has not asserted otherwise in his Brief.

### 3. Battaile Fails to Identify Any Waiver of Sovereign and/or Legislative Immunity.

Battaile has not identified any valid waiver of sovereign and/or legislative immunity. The burden rests on Battaile to affirmatively establish jurisdiction, yet he has not met this requirement. *See Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). Battaile has identified no authority waiving sovereign and/or legislative immunity for the claims asserted. RR Vol. 2 at 24:10-31:6 (as to Secretary Nelson), 35:9-37:17 and 65:23-66:4 (as to Commissioner Travillion).

Battaile's filings—both in the trial court and on appeal—make clear that he has wholly failed to confront, much less overcome, the Secretary's or

Commissioner Travillion's immunity defenses. Both Appellees' Plea to the Jurisdiction raised sovereign immunity as a bar to suit, and Commissioner Travillion additionally raised legislative immunity. At the Plea hearing, counsel for each Appellee reiterated that sovereign and/or legislative immunity deprived the trial court of subject matter jurisdiction because Battaile's claims did not identify any waiver applicable to the Secretary or Commissioner Travillion. *Id.*; RR Vol. 2 at 23:9-24:8 and 31:8-34:22. Despite multiple opportunities—through his pleadings, arguments at the Plea hearing, and now his Brief— Battaile has not engaged with this threshold jurisdictional issue. *See generally* App. Brief.

Rather than offering any authority to rebut the application of sovereign and/or legislative immunity, Battaile diverts the Court's attention by advancing broad and irrelevant grievances about alleged political influence in the City of Manor. App. Brief at 2, 25-26. His Brief focuses almost entirely on perceived wrongs suffered by the "citizens of Manor," yet those arguments are legally immaterial to the jurisdictional question before the Court. *See generally* App. Brief.

In *Eriksen v. Nelson*, the court dismissed the plaintiff's claims for failing to present a viable constitutional challenge to an election law and because sovereign immunity barred his claims. No. 15-24-00059-CV, 2025

WL 351632, at *7 (Tex. App. [15th Dist.] Jan. 30, 2025). Similarly, Battaile seeks to invalidate an election based on allegations of election coercion under the Texas Election Code but fails to assert a legally cognizable claim to overcome sovereign immunity. *See generally* App. Brief. As in *Eriksen*, where similar claims against the Secretary of State were dismissed, the same reasoning applies here, warranting dismissal of Battaile's claim.

## D. Battaile's Failure to Comply with Section 233.006(b)'s Thirty-Day Deadline is a Fatal Jurisdictional Defect.

Even if Secretary Nelson or Commisioner Travillion was a proper party to an election contest (and they are NOT), Battaile's appeal would still need to be dismissed because the claim is barred by the jurisdictional deadline imposed under the Texas Election Code. Section 233.006(b) titled "Filing Period for Petition," mandates that "[] the contestant must file the petition not later than the later of the 30th day after the date the election records are publicly available . . . or the official result of the contested election is determined." TEX. ELEC. CODE § 233.006(b).

This statutory deadline is not a mere procedural formality—it is a strict jurisdictional requirement that cannot be waived. "[T]he thirty-day deadline by which the petition must be filed under section 233.006(b) is jurisdictional and non-waiveable." *City of Houston v. Bryant*, 516 S.W.3d 47, 51–52 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (citing *Nichols v. Seei*, 97

34

S.W.3d 882, 883 (Tex. App.—Dallas 2003, no pet.)). Courts have enforced this deadline, finding that failure to comply constitutes a "fatal impediment." *Nw. Indep. Sch. Dist. v. Carroll Indep. Sch. Dist.*, 441 S.W.3d 684, 691 (Tex. App.—Fort Worth 2014, pet. denied).

Under Texas Election Code § 67.003(c), titled "Time for Local Canvass," the City of Manor was required to conduct its canvass no later than the 14th day after election day. TEX. ELEC. CODE § 67.003(c). Given that election day occurred on November 5, 2024 (App. Brief at 6; CR. 26, 34), thus the latest permissible date for the canvass was November 19, 2024. CR. 516-17. Since the canvass occurred on or about November 19, 2024 (*see* CR. 477 with hyperlink to City of Manor's official records), the deadline to file an election contest under Texas Election Code § 233.006(b) was no later than 30 days thereafter. Battaile did not file his lawsuit until January 29, 2025 (71 days after the election). CR.516-17; *see also* CR.210, 452, 465, 618. This delay exceeds the statutory filing window and, accordingly, deprives this Court of subject matter jurisdiction.

Additionally, Battaile's election claims were moot because he failed to comply with Section 232.008(c)(2). None of the mayoral candidates in the challenged November 2025 election received more than 50% of the vote so a runoff election was required between the two candidates that received the

35

highest number of votes – Battaile was not one of those candidates. CR. 36-37. The mayoral runoff election occurred on Saturday, December 14, 2024, a date set by the Texas Secretary of State pursuant to Texas Election Code § 2.025. Battaile's deadline to file a contest for this runoff election was Wednesday, December 4, 2024 – 15 days after November 19, 2024, the date on which the Manor City Council canvassed election results. *See* TEX. ELEC. CODE § 232.008(c)(2). But Battaile did not file his petition within the statutory timeframe to prevent the mayoral runoff election from occurring. *See id.*, § 232.007. "An election contest [also] becomes moot, and the issues no longer justiciable, when a final judgment adjudging the validity or invalidity of a candidate's certificate of nomination is not entered in time for election officials to comply with the statutory deadlines for preparing and conducting the general election, or when absentee balloting has begun during the pendency of the appeal." *Maldonado v. Johnson*, No. 04-18-00599-CV, 2018 WL 4517551 at *2 (Tex. App.—San Antonio Sept. 21, 2018, no pet.) (quoting *Salazar*, 931 S.W.2d 59, 60 & n.1 (Tex. App.—Corpus Christi 1996, no writ) (citing authorities omitted). As a result, the trial court properly found that his election contest claims were moot. *See Skelton v. Yates*, 119 S.W.2d 91, 91–92 (Tex. 1938) (explaining that an election commences once absentee balloting has begun, and dismissing relator's

petition for writ of mandamus as moot because absentee balloting had already begun); *Salazar v. Gonzales*, 931 S.W.2d 59, 60 (Tex. App.--Corpus Christi 1996, no writ); *Sepulveda v. Medrano*, 323 S.W.3d 620, 624 (Tex. App.—Dallas 2010, no pet.). Alternatively, the trial court properly found that Battaile's claims concerning his eligibility to participate in the December 2025 mayoral runoff election were untimely and that the court therefore lacked subject-matter jurisdiction over them.

## PRAYER

This Court should dismiss Battaile's Appeal because he lacks standing. Even if he has standing, this Court should dismiss his Appeal or alternatively reaffirm the trial court's ruling because Battaile faces multiple jurisdictional barriers, none of which have been adequately addressed in his Brief. The Court should affirm the trial court's orders dismissing Battaile's claims against Secretary Nelson and Commissioner Travillion because Battaile has not identified any cognizable waiver of the Appellees' respective immunity defenses and has failed to assert any timely claims for relief within this Court's subject-matter jurisdiction.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**

37

First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil
Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Roy Adams*
**ROY ADAMS**
Assistant Attorney General
Texas Bar No. 24133175

Office of the Attorney General
P.O. Box 12548 Capitol Station
Austin, Texas 78711-25848
(512) 475-4104 Fax: (512) 320-0667
roy.adams@oag.texas.gov
COUNSEL FOR APPELLEE TEXAS
SECRETARY OF STATE JANE NELSON


DELIA GARZA
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9513
Facsimile: (512) 854-4808

By:    /s/ Cynthia W. Veidt
CYNTHIA W. VEIDT
State Bar No. 24028092
cynthia.veidt@traviscountytx.gov
PATRICK M. KELLY
State Bar No. 11228000
pat.kelly@traviscountytx.gov

ATTORNEYS FOR APPELLEE TRAVIS COUNTY COMMISSIONER JEFFREY TRAVILLION

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing pleading has been served on the Parties of record in accordance with TEX. R. APP. P. 9.5(b)(1), electronically through the court's e service system:

/s/ Roy Adams
**ROY ADAMS**
Assistant Attorney General

## Certificate of Compliance

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of TEX. R. APP. P. 9.4(i), if applicable.

/s/ Roy Adams
**ROY ADAMS**
Assistant Attorney General

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Victoria Gomez on behalf of Roy Adams
Bar No. 24133175
victoria.gomez@oag.texas.gov
Envelope ID: 107519832
Filing Code Description: Brief Requesting Oral Argument
Filing Description: 20251031_Battaile  Joint Appellees Brief  Final
Status as of 10/31/2025 10:06 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey Hobbs | 24012837 | jhobbs@abaustin.com | 10/31/2025 9:57:26 AM | SENT |
| Michael Kabat | 24050847 | mkabat@mcginnislaw.com | 10/31/2025 9:57:26 AM | SENT |
| Joanna Salinas | 791122 | joanna.salinas@fletcherfarley.com | 10/31/2025 9:57:26 AM | SENT |
| William Davidson | 5447000 | bdavidson@chmc-law.com | 10/31/2025 9:57:26 AM | SENT |
| Gavin Villareal | 24008211 | gavin.villareal@bakerbotts.com | 10/31/2025 9:57:26 AM | SENT |
| Michael Roberts | 24082153 | mroberts@jw.com | 10/31/2025 9:57:26 AM | SENT |
| Cynthia Veidt | 24028092 | cynthia.veidt@traviscountytx.gov | 10/31/2025 9:57:26 AM | SENT |
| Stephanie Serrano | 24092655 | sserrano@rothberg.law | 10/31/2025 9:57:26 AM | SENT |
| Kevin O'Hanlon | 15235500 | kohanlon@808west.com | 10/31/2025 9:57:26 AM | SENT |
| Patrick Kelly | 11228000 | pat.kelly@traviscountytx.gov | 10/31/2025 9:57:26 AM | SENT |
| Tyler Ryska | 24096597 | tryska@rigbyslack.com | 10/31/2025 9:57:26 AM | SENT |
| Austin Jones | 24116579 | ajones@mcginnislaw.com | 10/31/2025 9:57:26 AM | SENT |
| William Duncan | 24124453 | wduncan@rigbyslack.com | 10/31/2025 9:57:26 AM | SENT |
| Lauren Bush | 24142742 | lbush@jw.com | 10/31/2025 9:57:26 AM | SENT |
| Anna Puff | 24144206 | gtwnfilings@sneedvine.com | 10/31/2025 9:57:26 AM | SENT |
| Edward Smith | 24037790 | esmith@808west.com | 10/31/2025 9:57:26 AM | SENT |
| Annette Bittick | | abittick@mcginnislaw.com | 10/31/2025 9:57:26 AM | SENT |
| Patricia Muniz | | paralegal@rigbyslack.com | 10/31/2025 9:57:26 AM | SENT |
| Raylynn Howell | | raylynn.howell@bakerbotts.com | 10/31/2025 9:57:26 AM | SENT |
| Kim McBride | | kmcbride@mcginnislaw.com | 10/31/2025 9:57:26 AM | SENT |
| Lea Ohrstrom | | lohrstrom@808west.com | 10/31/2025 9:57:26 AM | SENT |
| Sneed Vine &Perry | | gtwnfilings@sneedvine.com | 10/31/2025 9:57:26 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Victoria Gomez on behalf of Roy Adams
Bar No. 24133175
victoria.gomez@oag.texas.gov
Envelope ID: 107519832
Filing Code Description: Brief Requesting Oral Argument
Filing Description: 20251031_Battaile  Joint Appellees Brief  Final
Status as of 10/31/2025 10:06 AM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Sneed Vine &Perry | | gtwnfilings@sneedvine.com | 10/31/2025 9:57:26 AM | SENT |
| Stormy Downing | | sdowning@rrspllc.com | 10/31/2025 9:57:26 AM | SENT |
| Andy Soule | | asoule@rrspllc.com | 10/31/2025 9:57:26 AM | SENT |
| Karah Powers | | kpowers@chmc-law.com | 10/31/2025 9:57:26 AM | SENT |
| Martha AnnAdams | | madams@abaustin.com | 10/31/2025 9:57:26 AM | SENT |
| Benjamin C. Hunt | | ben.hunt@bakerbotts.com | 10/31/2025 9:57:26 AM | SENT |
| Eldridge Burns | | eburns@rrspllc.com | 10/31/2025 9:57:26 AM | SENT |
| Amy Botelho | | abotelho@mcginnislaw.com | 10/31/2025 9:57:26 AM | SENT |
| Carol Shipley | | cshipley@rrspllc.com | 10/31/2025 9:57:26 AM | SENT |
| Emily Hill | | ehill@manortx.gov | 10/31/2025 9:57:26 AM | SENT |
| Anne Weir | | aweir@manortx.gov | 10/31/2025 9:57:26 AM | SENT |

Associated Case Party: Jane  Nelson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Roy Adams | | roy.adams@oag.texas.gov | 10/31/2025 9:57:26 AM | SENT |
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 10/31/2025 9:57:26 AM | SENT |

Associated Case Party: RobertEdwardBattaile

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert EdwardBattaile | | robert@manortx.us | 10/31/2025 9:57:26 AM | SENT |

Associated Case Party: DG MANOR DOWNS PROPERTY OWNER LP

_____

_____

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Victoria Gomez on behalf of Roy Adams
Bar No. 24133175
victoria.gomez@oag.texas.gov
Envelope ID: 107519832
Filing Code Description: Brief Requesting Oral Argument
Filing Description: 20251031_Battaile  Joint Appellees Brief  Final
Status as of 10/31/2025 10:06 AM CST

Associated Case Party: DG MANOR DOWNS PROPERTY OWNER LP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Legal Counsel | | info@dalfen.com | 10/31/2025 9:57:26 AM | SENT |

Associated Case Party: TEXAS A& M FOUNDATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| W Fusselman | | wfusselman@txamfoundation.com | 10/31/2025 9:57:26 AM | SENT |